MARY JO O'NEILL AZ BAR #005924
SALLY SHANLEY AZ BAR #012251
P. DAVID LOPEZ DC BAR #426463
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**PHOENIX DISTRICT OFFICE**
3300 NORTH CENTRAL AVENUE, SUITE 690
PHOENIX, ARIZONA 85012-2504
TELEPHONE: (602) 640-5032

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Wheeler Construction, Inc., an Arizona Corporation<br><br>　　　　Defendant. | **COMPLAINT**<br><br>(Jury Demanded) |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Leonard Lopez and a class of similarly situated employees, who were adversely affected by such practices. The EEOC alleges Defendant Wheeler Construction, Inc. (hereinafter referred to as "Wheeler or Defendant") discriminated against Leonard Lopez and a class of similarly situated employees because of their national origin, Hispanic. The EEOC also alleges that Defendant retaliated against Leonard Lopez when it discharged him and/or constructively discharged him from employment after he complained of discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); §§2000e-6 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Wheeler Construction, Inc. has continuously been an Arizona corporation doing business in the State of Arizona, and the city of Phoenix and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Leonard Lopez filed charges with the Commission alleging violations of Title VII by Defendant. All administrative conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 2003, Defendant has engaged in unlawful employment practices at its location in Phoenix, Arizona and various construction sites located throughout Arizona in violation of Section 703(a)

of Title VII, 42 U.S.C. § 2000e-2(a) by harassing Leonard Lopez and a class of similarly situated employees because of their national origin, HIspanic.

8. The harassment included but was not limited to a supervisor:

   a. Using slurs about Hispanics on a daily basis;

   b. Calling Hispanic employees "wetbacks";

   c. Telling Hispanic employees they should go back to Mexico, and;

   d. Telling derogatory jokes regarding Mr. Lopez and other Hispanic employees

9. Mr. Lopez complained several times to the Defendant about the harassment he was being subjected to during his employment but Defendant did not take appropriate action and the harassment continued.

10. Since at least February 2003, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Defendant constructively discharged and/or discharged Mr. Lopez in retaliation for his complaint about the harassment he was being subjected to.

11. The effect of the practices complained of in paragraph 7 - 10 above has been to deprive Leonard Lopez and a class of similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin and retaliation.

12. The unlawful employment practices complained of in paragraph 7 - 10 above were and are intentional.

13. The unlawful employment practices complained of in paragraph 7 - 10 above were and are done with malice or with reckless indifference to the federally protected rights of Leonard Lopez and a class of similarly situated employees.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers,

1 successors, assigns, and all persons in active concert or participation with it from
2 engaging in discrimination on the basis of national origin, and retaliating against
3 employees because they oppose practices made unlawful by Title VII or are
4 participating in a proceeding pursuant to Title VII.

     B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of their national origin and for those who oppose unlawful employment discrimination, and which eradicate the effects of its past and present unlawful employment practices.

     C.    Order Defendant to make whole Leonard Lopez and a class of similarly situated employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place reinstatement.

     D.    Order Defendant to make whole Leonard Lopez and a class of similarly situated employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

     F.    Order Defendant to pay punitive damages to Leonard Lopez and a class of similarly situated employees for its malicious and/or reckless conduct, described above, in amounts to be determined at trial.

     G.    Grant such further relief as the Court deems necessary and proper in the public interest.

     H.    Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this

Complaint.

        RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
MARY JO O'NEILL
Regional Attorney

_____
SALLY C. SHANLEY
Supervisory Trial Attorney

_____
P. DAVID LOPEZ
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5032
Attorneys for Plaintiff